<u>UNITED STATES DISTRICT COURT</u>
<u>DISTRICT OF CONNECTICUT</u>

KARYN T. ESLIN                                    :        CIVIL ACTION NO.
                                                  :        3:11 cv 00134 (JCH)

        Plaintiff                              :

v.                                                :

                                                  :
HOUSING AUTHORITY OF THE TOWN
OF MANSFIELD, ET AL                               :

        Defendant                              :        APRIL 2, 2012

<u>REPLY TO PLAINTIFF'S OBJECTION TO
DEFENDANTS' SECOND MOTION TO DISMISS</u>

Pursuant to Fed. R. Civ. P. 12(b)(6) and Local Rule 7(d), Defendants Rebecca

M. Fields, Stacey Vangsness and the Housing Authority of the Town of Mansfield

(hereinafter "MHA"), hereby submit their reply memorandum in response to Plaintiff's

Memorandum of Law in Opposition to Defendants' Second Motion to Dismiss (Doc.

#64).

In their first motion to dismiss, Defendants argued that Plaintiff's Amended

Complaint failed to meet the requirements of <u>Monell v. Department of Social Services</u>,

436 U.S. 658, 56 L. Ed. 2d 611, 98 S. Ct. 2018 (1978).  While a municipality and its

agencies are subject to liability under Section 1983, such liability cannot result merely

from an improper or even unconstitutional act of its employees under a theory of

respondeat superior.  <u>Id.</u>, 690-94.  The Court agreed and dismissed Plaintiff's Complaint

"[b]ecause Eslin has failed to allege that her federal rights were violated as a result of

either the Housing Authority's official policy or custom or the actions of employees with

final policymaking authority . . . ." (Doc. 55, pg. 7.)

1

In her memorandum in opposition to Defendants' second motion to dismiss, Plaintiff now states that she is pursuing her claim based upon the later theory. More specifically, Plaintiff bases her claim of municipal liability on the alleged act of an employee (Executive Director Rebecca Fields), alleging final policymaking authority in the particular area that caused Plaintiff's injury (the MHA's Section 8 program). (Doc. 64, pp. 6-7, 11.) Actions by an individual with final decision-making authority in a municipality constitute official policy for purposes of a Section 1983 claim. See Pembaur v. City of Cincinnati, 475 U.S. 469, 483-84, 89 L. Ed. 2d 452, 106 S. Ct. 1292 (1986). The individual must "be responsible for establishing final government policy" in order for municipal liability to attach. Id. at 483.

Although Plaintiff's Amended Complaint has progressed toward meeting the requirements of Monell, Plaintiff's allegations still fail to establish a Section 1983 claim for the reasons set forth below.[1]

1.   *Defendants' second motion to dismiss should be granted as Plaintiff has failed to allege that her rights were violated as the result of the act of an employee delegated with final policymaking authority.*

In her memorandum in opposition, Plaintiff acknowledges that MHA's policymaking authority is vested in its board of commissioners by virtue of state statute. (Doc. 64, pp. 6, 7, 10.) Plaintiff argues that, in Defendants' second motion to dismiss, Defendants "erroneously assert" that MHA's board of commissioners did not delegate

---

[1] Claims against municipalities under Section 1983 are not subject to a heightened pleading standard. See Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 168, 113 S. Ct. 1160, 122 L. Ed. 2d 517 (1993). Nevertheless, such claims must meet the requirements of Rule 8, Fed. R. Civ. P., and satisfy the plausibility standard articulated in Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L. Ed. 2d 868 (2009) and Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

authority with respect to the housing authority's Section 8 program to Defendant Fields. (Doc. 64, pg. 7.) Plaintiff asserts that MHA's board of commissioners delegated certain authority to Defendant Fields: "Defendant Fields' decisions are attributable to the MHA because she was given authority to operate the Section 8 program by the board of commissioners, pursuant to their right to delegate powers and duties to employees provided by Conn. Gen. Stat. § 8-41(a)." (Doc. 64, pp. 6-7.) Plaintiff also states: "Defendant Fields' authority included the ability to make decisions that create housing authority policy, such as when and under what circumstances a participant may be terminated from the Section 8 program when the federal regulations or other program rules fail to specify whether and how to do so." (Doc. 64, pg. 7.) "Defendant Fields is a final policymaker for the MHA in the particular area of terminations of Section 8 program participants." (Doc. 64, pg. 10)(emphasis in original). "Defendant Fields served in a 'top level position' and oversaw the 'day-to-day operation' of the MHA's Section 8 program in accordance with the authority delegated to her." (Doc. 64, pg. 10.) "[T]he established practice of the MHA is to allow the executive director full authority to make policy in the particular area of Section 8 termination proceedings when there is no clear controlling policy in either the federal regulations or the MHA's Administrative Plan." (Doc. 64, pg. 10.) Plaintiff sets forth these assertions in her opposition memorandum; however, Plaintiff fails to include any of these allegations in her Amended Complaint. (See Doc. 61.)

Plaintiff's Amended Complaint is completely absent of any allegation that the MHA delegated any of its statutory policymaking authority. Furthermore, Plaintiff's Amended Complaint contains no allegation that the MHA board of commissioners

delegated policymaking authority with respect to MHA's Section 8 program to Defendant Fields. Plaintiff's failure to include these allegations in her Amended Complaint renders her Section 1983 claims unviable. "Where a plaintiff relies not on a formally declared or ratified policy, but rather on the theory that the conduct of a given official represents official policy, it is incumbent on the plaintiff to establish that element as a matter of law." Jeffes v. Barnes, 208 F.3d 49, 57-58 (2d Cir. 2000). For this reason, Defendants' second motion to dismiss should be granted.

2.    _Defendants' second motion to dismiss should be granted as Plaintiff has failed to allege that her rights were violated as the result of the MHA's "deliberate indifference."_

To state a Section 1983 claim based upon a single act, a policy or custom may be inferred from acts or omissions of a municipality's supervisory officials serious enough to amount to gross negligence or deliberate indifference to the constitutional rights of the plaintiff. Villante v. Department of Corrections, 786 F.2d 516, 519 (2d Cir. N.Y. 1986). In her memorandum in opposition to Defendants' second motion to dismiss, Plaintiff states: "At its core, Defendant Fields' actions represent 'a deliberate choice to follow a course of action . . . from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question.'" (Doc. 64, pg. 7)(citation omitted). This assertion is the closest the Plaintiff gets to meeting the "deliberate indifference" pleading requirement; however, this is not alleged in her complaint and a "deliberate choice" is far short of gross negligence or deliberate indifference. Plaintiff's failure to include allegations of deliberate indifference in her Amended Complaint renders her Section 1983 claims unviable. "Proof of deliberate indifference is a _sine qua non_ for the imposition of liability on this basis."

4

<u>Jeffes v. Barnes</u>, supra, 208 F.3d at 61.  For this reason, Defendants' second motion to dismiss should be granted.

Wherefore, for all the foregoing reasons, as well as those set forth in Defendants' Memorandum of Law in Support of Defendants' Second Motion to Dismiss, Defendants respectfully ask the Court to grant their motion and dismiss Plaintiff's Amended Complaint in its entirety.

THE DEFENDANTS

By: _Catherine L Creager_____

Catherine L. Creager, Esq.
Coles, Baldwin & Kaiser, LLC
1261 Post Road, PO Box 577
Fairfield, CT 06824
Telephone (203) 319-0800
Fax (203) 319-1210
E-mail: ccreager@cbklaw.net
Federal Bar No. ct23645

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

KARYN T. ESLIN                                    :        CIVIL ACTION NO.
                                                  :        3:11 cv 00134 (JCH)

       Plaintiff                              :

v.                                                :

                                                  :
HOUSING AUTHORITY OF THE TOWN
OF MANSFIELD, ET AL
                                                  :
       Defendant                             :        APRIL 2, 2012

## CERTIFICATE OF SERVICE

I hereby certify that on April 2, 2012, a copy of foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

By: _Catherine L. Creager_
          Catherine L. Creager

6